**BEEBE, Plaintiff-Appellee, v. BROWNLEE et,**
**Defendants-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 4714. Decided May 23, 1952.

Howard M. Jones, Columbus, for plaintiff-appellee.
Carl H. Valentine, Columbus, for defendants-appellants.

## OPINION

By HORNBECK, PJ.

This is an appeal on questions of law from a judgment of the Common Pleas Court in favor of the plaintiff directing the defendant, Dorothy M. Brownlee, to make and execute a deed to certain premises described in the second amended petition.

Counsel have provided the Court with extended, comprehensive and helpful briefs which we have considered.

As a part of the Bill of Exceptions there appears the opinion of Judge King on the issues drawn between the parties. We are in accord with his conclusion and the reasons therefor and it would serve no good purpose to add to the files in this case an extended opinion of this Court.

The decree of the Florida Court in divorce entered in behalf of plaintiff incorporated a stipulation of the parties, in part, as follows:

"It is hereby stipulated by and between the parties * * * that in the event a final decree is granted to the plaintiff herein, the following stipulation is to be incorporated and become a part of the final decree:

"1. * * *

"2. * * *

"3. That the plaintiff herein be given title to all other property now jointly owned by the parties hereto whether such property be real, personal or mixed in nature.

"4. That the defendant will execute a conveyance of all real property now jointly owned by the plaintiff and the defendant herein granting all her interest in and to such property to the plaintiff herein.

"5. * * *." (Signed by the parties and witnessed by their attorneys.)

Appellant relies particularly upon two propositions: First, that the Florida Court which entered the decree and judgment upon which plaintiff's first and second causes of action are predicated was without jurisdiction to enter a judgment respecting the real estate in Franklin County; and, second, that if the Court had such jurisdiction the judgment entry evinces no purpose to affect Ohio real estate but was confined solely to Florida real estate.

The decree was granted for the aggression of the defendant, Dorothy M. Brownlee.

The language of the stipulation carried into the entry clearly was broad enough to include all real estate which, ex vi termini, would incorporate the Ohio real property. As a matter of fact, at the time the decree was entered the only real estate to which it could refer was the Ohio realty because the defendant had deeded the Florida property to plaintiff before the divorce was decreed.

Considerable attention is devoted to the lack of equity in the apportionment of the property of the parties, but, as Judge King held, there is no proof of fraud practiced by plaintiff on the defendant in the Florida Court.

The principal contention of appellants is that the judgment purporting to treat of the rights of the parties to the Ohio real estate was without effect because the Court had no jurisdiction to make an order affecting such real estate. This contention is twofold: First, that jurisdiction of the subject matter, i. e., the real estate, could not be given to the Court because it was not capable of receiving it; and, second, the

pleadings in the divorce case made no issue of title to the real estate. It is true that the pleadings made no issue as to the real estate but the parties, by the stipulation, requested the Court to assume jurisdiction and to determine their respective rights in the real estate in accordance with the stipulation which both parties signed. We are in agreement with Judge King's position respecting the full faith and credit which must be given to the judgment of the Florida Court. It may be that the judgment entry wherein it recites that the Court had jurisdiction of the subject matter, if including the real estate in Ohio, is too broad. However, clearly, the Court did have jurisdiction of the person of the parties and upon the stipulation to make the order as to their respective rights in realty which they jointly owned, although, of course, the decree itself could not operate to transfer title to the Ohio real estate.

An examination of the judgment entry indicates that it responds only to the issue drawn between the parties on the first cause of action of the second amended petition and the answer thereto and does not adjudicate the issue drawn on the third cause of action.

It is our opinion that the plaintiff's right to the relief sought most clearly appears upon the claim that there was a contract between the parties, as evidenced by the stipulation, which concluded their rights and accorded to the plaintiff the right to compel the defendant, Dorothy Brownlee, to transfer to him any interest that she might have in the Ohio real estate.

There is support for a judgment for the plaintiff in the case of **Burnley, et al. v. Stevenson, 24 Oh St 474.**

Upon the whole record, it clearly appears that the plaintiff had the right to invoke the jurisdiction of the equity side of the Common Pleas Court to secure the relief accorded to him.

The judgment entry will be modified to carry a further finding on behalf of the plaintiff on the issue joined by the third cause of action of the second amended petition and the answer thereto, and the judgment will be affirmed.

WISEMAN and MILLER, JJ, concur.